## In re RICHARDS.

Court of Appeals of Districts of Columbia.

Submitted January 9, 1928. Decided February 6, 1928.

No. 1995.

Patents ⬅➡20—Application for patent relating to side bearings for railroad cars held not to show invention.

Application for patent relating to side bearings for railroads cars, merely constituting a change of construction, *held* not to show such invention as would sustain a patent.

Appeal from Commissioner of Patents.

In the matter of the application of Brayton G. Richards. From a decision of the Commissioner, rejecting certain claims, the applicant appeals. Affirmed.

Joshua R. H. Potts, B. G. Richards, and T. B. Humphries, all of Chicago, Ill., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This is an appeal from a decision of the Commissioner of Patents, rejecting claims 1, 2, 3, 4, 8, and 9 of appellant's application for a patent.

The invention in question relates to the side bearings for railroad cars, which are interposed between the bolster on the truck and the body bolster to which the car body is affixed. At each end of the truck-bolster

is a lower housing, substantially in box form, having a rocker member mounted therein; co-operating with each rocker is an upper bearing housing, secured to the underside of the corresponding body bolster, and engaging and embracing the upper portion of the rocker. The entire load is carried by the side bearings or rockers. The special utility claimed for the construction is that the upper housing is made of sufficient depth, so that the rocker will not fall out of place if the car swings or lifts when turning a curve.

There are nine claims, of which claims 1 and 9 are copied as illustrative:

"1. The combination with a truck and a body mounted thereon, to have both pivotal and tilting movement, relatively thereto, of upper and lower bearing housings mounted on said body and truck respectively, and a rocker in said housings, the upper housing being of sufficient depth to permit swinging and lifting thereof without disengagement from said rocker, substantially as described."

"9. The combination with a truck and body mounted thereon, to have both pivotal and tilting movement, relatively thereto, of upper and lower opposed bearing housings mounted on said body and truck respectively, and a rocker snugly fitting said housings, the ends of the said rocker being indented, and the upper housing being of sufficient depth to permit swinging and lifting thereof without disengagement from said rocker, whereby displacement of said rocker is prevented under all conditions of use, substantially as described."

The references cited by the Examiner are Jessen, June 6, 1923; Lindenthal, September 12, 1905; Lindenthal, February 12, 1907; Amberg, June 29, 1915; Laughlin, November 8, 1921.

The Examiner rejected the appealed claims as not being patentable over any of the patents to Laughlin, Amberg, and Jessen, holding that there was no invention in altering the depth of the housing flanges, that such alteration would be only a matter of degree, and that the Lindenthal patents showed flanges of different depths. Upon appeal the Examiners in Chief affirmed the decision of the Examiner, with a statement that the claims lacked invention over the prior art as cited and applied by the Examiner. An appeal was then taken to the Commissioner of Patents, who affirmed the preceding decisions upon the grounds therein set out. The present appeal was then taken.

An examination of the references discloses that the general features of the present construction are old, and that the only novelty presented by the application consists in giving the upper housing greater depth than the corresponding lower housing, in order that the rocker may be kept in place between the two housings when the car body swings and tilts. This change of construction is only a difference of degree and does not constitute invention. Moreover, differences in the depth of the housings are disclosed in Lindenthal's patents. These alterations do not show such invention as will sustain a patent. Roberts v. Ryer, 91 U. S. 150, 23 L. Ed. 267; Belding Mfg. Co. v. Challenge Corn Planter Co., 152 U. S. 100, 14 S. Ct. 492, 38 L. Ed. 370; Market Street Railway Co. v. Rowley, 155 U. S. 621, 629, 15 S. Ct. 224, 39 L. Ed. 284; Railroad Supply Co. v. Elyria Iron & Steel Co., 244 U. S. 285, 37 S. Ct. 502, 61 L. Ed. 1136.

We are satisfied that the concurrent decisions of the Patent Office tribunals are correct, and the decision appealed from is affirmed.